IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM TORAIN** | : |
|     **Plaintiff** | : C.A. #14-1643 |
| vs. | : |
| **THE CITY OF PHILADELPHIA, et al.** | : **LEAD DOCKET NO.** |
|     **Defendants** | : **13-2773** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' CITY OF PHILADELPHIA,
BRIAN MONAGHAN, SEAN KELLY and GARY SINCLAIR'S
STATEMENT OF FACTS**

**I. Undisputed Record Facts**

January 2-4 2001 Surveillance of 5600 block of West Master Street

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied as stated. The Defendants have failed to produce the videotapes and claim that the tapes are missing and the parties are therefore unable to verify what the Defendant officers' visual observation were. (Pltf's SUMF ¶¶ 179-186).

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. See Response # 5.

11. See Response # 5.

12. See Response # 5.

13. Admitted. Kareem Torain was <u>never</u> observed engaging in any narcotic sales.

14. Admitted.

Arrested Individuals

15. Admitted.

16. Denied as stated. Two of the individuals plead guilty to narcotics offenses and one was convicted and all were sentenced to 3-6 years of incarceration.

Plaintiff, Kareem Torain

16.(sic) Admitted.

17. Admitted.

18. Admitted as stated. See Response # 5. Denied, that Mr. Torain ever saw personally saw Delee selling drugs.

19. Admitted.

20. Admitted.

Involvement of Retired Corporeal Gary Sinclair, Retired Sean Kelly

21. Admitted.

22. Admitted as stated. Defendant Corporeal Sinclair was also responsible as the operational supervisor and it was his responsibility to "do everything inside". He was also at times supervisor on the street supervising the execution of search warrants, collecting evidence, signing off on property receipts. See (Defs. Ex. G. Sinclair Dep. pp. 12-15).

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted as stated. Denied that he was being truthful regarding his recollection of any aspect of this investigation, arrest and conviction. Defendant Kelly claims not to remember anything about the Mr. Torain investigation and arrest. In his deposition testimony he responds that he does not "recall" his and his cohorts' actions 69 times. Defendants Monaghan and Walker however, testified about Defendant Kelly's role in the conspiracy to convict Mr. Torain. Defendant Kelly worked the videotape camera on January 3 and 4 on the 5600 block of West Master Street. (Pltf's SUMF ¶¶ 20-25).

> On January 4, 2001, it was Defendant Kelly who allegedly videotaped an unknown person driving a green Bonneville approach the West Master Street properties and engage in a drug transaction with Darnell Delee. (Pltf's SUMF ¶¶ 28-34). It was also Defendant Kelly who allegedly heard Darnell Delee yell out that "Kareem had one bundle on him, that he would call and come back when the rest was ready." (Pltf's SUMF ¶¶ 36-38). Further, Defendant Kelly was present at 1628 North 55th Street during the search and was the officer who spoke with Vincent Saunders, the manager of the building. (Pltf's SUMF ¶¶ 131, 144-145). Lastly, Defendant Kelly was present when the officers fabricated the evidence about Mr. Torain's presence in Apartment # 2. (Pltf's SUMF ¶¶ 155-156).

Plaintiff's Contact with Defendant Officers

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

Relevant PPD Policies

31. Admitted.

32. Admitted only that Directive 9 posits such a procedure. Denied that the Defendants adhered to Directive 9.

33. See Response # 32.

34. See Response # 32.

35. See Response # 32.

36. See Response # 32.

37. Admitted only that Directive 114 posits such a procedure. Denied that the Defendants adhered to Directive 114.

38. See Response # 37.

39. See Response # 37.

40. See Response # 37.

41. See Response # 37.

42. See Response # 37.

43. See Response # 37.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted as stated, subject to evidence in *McIntyre v Liciardello, et al.*, 2020 WL605717 (Feb. 7, 2020, Lead Docket C.A. 13-2773).

58. Admitted.

Disciplinary History of Involved Officers

59. Admitted.

60. Admitted as stated, subject to evidence that Jeffrey Walker went on to acquire over 40 complaints, several federal lawsuits filed against him and his partner Brian Reynolds and served 3 years in a federal penitentiary for corrupt police activities.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted as stated, subject to evidence that Brian Reynolds went on to acquire over 40 complaints, several federal lawsuits filed against him and his partner Jeffrey Walker and was indicted for engaging various corrupt police activities, including falsifying police documents.

66. Admitted.

67. Admitted.

68. Admitted as stated subject to evidence that both Defendant Reynold and Officer Mitchell were responsible to be truthful at the hearing.

69. Admitted as stated, subject to the finding in *McIntyre v Liciardello, et al.*, 2020 WL605717 * 14 (Feb. 7, 2020, Lead Docket C.A. 13-2773) that Internal Affair Bureau ("IAB") was completely ineffective and the City turned a blind eye to such ineffectiveness.

70. See Response # 69.

71. Admitted.

72. Admitted. See Response # 69.

73. Admitted.

74. Admitted.

75. Admitted.

76. See Response # 69.

77. Admitted.

78. See Response # 69.

Litigation Timeline

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted. It was discovered after the amendment that Sergeant Gessner was deceased.

86. Admitted.

87. Denied. The City accepted service on behalf of Defendants Kelly and Sinclair, represented the Defendants and answered the Amended Complaint on their behalf.

## II. Disputed Facts

88. Admitted as stated, subject to evidence that Brian Monaghan generated in the Investigation Report that the green Bonneville was videotaped driving on the intersection of 56th and Master on January 4, 2001 but the driver of the vehicle was never identified.

89. Admitted as stated that the Investigation Report states that Monaghan heard Delee say "yo".

90. Admitted.

91. Denied. Brian Monaghan claims that it was him who observed Darnell Delee exit the vehicle, take small objects out of his pocket and hand the objects to males and females, not Jeffrey Walker. (Pltf's SUMF ¶ 32).

92. Admitted as stated, subject to the evidence that it was Jeffrey Walker that allegedly followed the Bonneville to 1621 North Conestoga. (Pltf's SUMF ¶ 39).

93. Admitted as stated, subject to the evidence that Brian Reynolds testified that he saw Mr. Torain drive from 1621 North Conestoga to 1628 North 55th Street (approximately one block), exit the vehicle and enter the premises with a key. (Pltf's SUMF ¶ 41).

94. Admitted as stated that the Investigation Report states that.

95. Denied. According to the Affidavit of Probable Cause, it was Brian Reynolds who observed Mr. Torain admit Delee, Diggs and Tillman into the 1628 North 55th Street premises. (Pltf's SUMF ¶ 123).

96. Admitted.

97. Admitted as stated that the Investigation Report states that. Jeffrey Walker testified that Walker and Reynolds were going there "to steal". (Pltf's SUMF ¶¶ 66, 128). Further, Defendant entered Apartment # 2 at 1628 North 55th Street premises to justify the unlawful arrest of Mr. Torain earlier that day. (Pltf's SUMF ¶¶ 124-125, 155).

98. Admitted as state, subject to the evidence that Property Receipt # 22308224 generated by Defendant Monaghan and signed by Defendant Corporeal Sinclair states that "(2) Amber pill bottles w/white caps and (1) Sentry 1150 safe" were seized at 3:50 p.m. (the time that Defendant alleged that they were securing the unit). (Pltf's SUMF ¶ 67). Defendant claims that these items as well as 17 grams of crack cocaine were later confiscated from that same unit 9 ½ hours later. (Pltf's SUMF ¶¶ 70-71).

Officer Walker's Testimony Regarding January 4, 2001

99. Admitted as stated, subject to the evidence that Defendant Walker also stated that all Defendants lied regarding other aspects of the investigation, arrest and testimony at trial.

100. Denied. Defendant Walker testified that <u>all</u> the Defendants with the exception of Defendant Sinclair were involved in the "narrative". (Pltf's SUMF ¶¶ 70-71, 124, 152-155).

Plaintiff's Testimony Regarding January 4, 2001

101. Admitted.

102. Admitted.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

/s/ *Michael Pileggi*
Michael Pileggi
303 Chestnut Street
Philadelphia, Pa 19106
(215) 627 8516
*Attorney for Plaintiff Kareem Torain*