IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM TORAIN : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 14-1643 |
| CITY OF PHILADELPHIA, ET AL. : | |

**O R D E R**

**AND NOW**, this 21st day of April 2023, upon consideration of Plaintiff's Motion for Sanctions for Spoliation of Videotapes (ECF No. 77) and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** that the Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

  /s/ R. Barclay Surrick
  **R. BARCLAY SURRICK, J.**

---

[1] In this civil rights action, Plaintiff Kareem Torain alleges that Defendants Jeffrey Walker, Brian Reynolds, and Brian Monaghan—current and former Philadelphia Police Officers—maliciously prosecuted him without probable cause, in violation of Section 1983 and the Fourteenth Amendment. He also claims that the City of Philadelphia's custom of municipal acquiescence in the alleged misconduct and failure to discipline the misconduct caused this violation of his constitutional rights. Plaintiff now requests sanctions—in the form of an adverse inference at trial—for spoliation of videotapes of the surveillance done by the Defendant Officers on the 5600 Block of Master Street, where they allegedly observed Plaintiff drive by in a Green Bonneville. Plaintiff asserts that these videotapes would substantiate his claim that he was not involved in criminal activity when he was followed and arrested by Defendants. For the following reasons, the Motion will be denied.

"Spoliation occurs where: [1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and [4] the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. UPS*, 665 F.3d 68, 73 (3d Cir. 2012). In his Motion, Plaintiff cites the relevant law for spoliation, but simply forgoes any arguments as to the substance of this Motion. He also has not produced any evidence to support his Motion. Nevertheless, for the purposes of

this Motion, we presume that the tapes would be relevant to the claims at issue here and that it was reasonably foreseeable that there was a duty to preserve the evidence. Even presuming that these two factors have been satisfied, Plaintiff still fails to establish the other two factors (the evidence was in the Defendants' control and actual suppression or withholding of the evidence occurred). For this reason, the Motion will be denied.

We begin our analysis by determining whether the videotapes were in the Defendants' control. Plaintiff has presented no argument and has submitted no evidence showing that any of the Defendants were ever in possession or control of the videotapes he seeks. The tapes were presented at his trial by the District Attorney's office, but there is no evidence or argument about what occurred with the tapes after they were used at trial. Conceivably, they could have ended up in the possession of many different entities: they could have been returned to the District Attorney's office, returned to police custody, or stayed with the trial court. Defendants asserted during discovery that they were unable to locate the tapes. Plaintiff has presented no evidence showing who had control of the tapes post-trial. Therefore, Plaintiff has failed to demonstrate that any of the Defendants had control of the tapes.

Next, we must determine whether there has been actual suppression or withholding of evidence, which requires a showing of intentionality and bad faith. *Bull*, 665 F.3d at 78-79. The movant must establish that the alleged spoliation was *intentional*, not accidental or inadvertent. *State Farm Fire & Cas. Co. v. Cohen*, No. 19-1947, 2020 U.S. Dist. LEXIS 163681, at *15 (E.D. Pa. Sep. 8, 2020) (citing *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)). This is pivotal to a spoliation determination. Here, Plaintiff fails to make *any* argument that the loss of these tapes was intentional or done in bad faith. Rather, Plaintiff simply alleges that the tapes were not produced in discovery and that the City, despite a good faith effort to locate them, has been unable to do so. In fact, Plaintiff does not even mention bad faith or intentionality in his Motion. In the absence of any evidence that Defendants intentionally and/or in bad faith disposed of the tapes, Plaintiff has failed to meet his burden of proving spoliation. *See, e.g.*, *Cohen*, 2020 U.S. Dist. LEXIS 163681, at *15 (declining to apply an adverse inference for spoliation where the plaintiff "fails to identify any intentional actions taken by Defendant" as to the allegedly spoliated evidence and where the plaintiff's "briefs are completely devoid of any argument that Defendant [] disposed of the [evidence] intentionally and/or in bad faith.").

Plaintiff has failed to demonstrate spoliation. Therefore, we need not reach the question of whether or which sanctions are appropriate. For these reasons, the Motion is denied.